# EXHIBIT C

Case 1:20-cv-01148-SCJ   Document 46-5   Filed 06/07/21   Page 2 of 11

Marianne Biskey-Rose — April 21, 2021
Geter, Cierra v. Schneider National Carriers Inc.

Page 1

```
 1           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
 2                     ATLANTA DIVISION
 3
      CIERRA GETER,                )
 4                                 )
                 Plaintiff,        )  CIVIL ACTION
 5                                 )
              vs.                  )  FILE NO.
 6                                 )
      SCHNEIDER NATIONAL           )  1:20-cv-01148-SCJ-JSA
 7    CARRIERS, INC.,              )
                                   )
 8               Defendant.        )
 9
10                        - - -
11                   DEPOSITION OF
12                 MARIANNE BISKEY-ROSE
13         TAKEN BY REMOTE VIDEOCONFERENCE
14
                    April 21, 2021
15
                      9:37 a.m.
16
17       Pamela L. Porter, RPR, CCR-B-2160
18                        - - -
```

Case 1:20-cv-01148-SCJ   Document 46-5   Filed 06/07/21   Page 3 of 11
Marianne Biskey-Rose                                     April 21, 2021
Geter, Cierra v. Schneider National Carriers Inc.

Page 2

APPEARANCES OF COUNSEL

On behalf of the Plaintiff:

    CHERYL B. LEGARE, ESQ.
    Legare, Attwood & Wolfe, LLC
    Suite 380, Decatur Town Center Two
    125 Clairemont Avenue
    Atlanta, Georgia 30030

On behalf of the Defendant:
    PETER A. MILIANTI, ESQ.
    McGuire Woods, LLP
    Suite 2100, Promenade II
    1230 Peachtree Street, NE
    Atlanta, Georgia 30309

- - -

Case 1:20-cv-01148-SCJ   Document 46-5   Filed 06/07/21   Page 4 of 11
Marianne Biskey-Rose                                          April 21, 2021
Geter, Cierra v. Schneider National Carriers Inc.

Page 3

# TABLE OF CONTENTS

| EXAMINATION | PAGE |
|---|---|
| Cross-Examination by Ms. Legare | 5 |

- - -

**PLAINTIFF'S**

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 4 | Job Description, Manager, Area Planning | 17 |
| Exhibit 35 | Email from Ashley Janssen to HR Leave Administration Team, 3/25/19 | 34 |
| Exhibit 36 | Email from Ashley Janssen to Travis Torrence and others, 3/25/19 | 35 |
| Exhibit 41 | Email from Ashley Janssen to Travis Torrence and Marianne Biskey-Rose, 4/12/19 | 38 |
| Exhibit 48 | Flexible Work Arrangement Guidelines | 31 |

(Original Exhibits have been attached to the original transcript.)

- - -

Case 1:20-cv-01148-SCJ   Document 46-5   Filed 06/07/21   Page 5 of 11

Marianne Biskey-Rose                                          April 21, 2021
Geter, Cierra v. Schneider National Carriers Inc.

Page 4

1         (Reporter disclosure made pursuant to
2    Article 10.B of the Rules and Regulations of the
3    Board of Court Reporting of the Judicial Council
4    of Georgia.)
5         (Due to the need for this deposition to
6    take place remotely, the parties have stipulated
7    that the court reporter may swear in the witness
8    over the phone/Veritext Virtual videoconference
9    and that the witness has verified that he/she is
10   in fact MARIANNE BISKEY-ROSE.)
11        (The witness was duly sworn.)
12        (Off-the-record discussions ensued.)
13        MS. LEGARE:  Again, we're here today in
14   the case that Cierra Geter has brought against
15   Schneider National Carriers, which is currently
16   pending in the Northern District of Georgia, and
17   we're here for all purposes under the Federal
18   Rules of Civil Procedure and Evidence.
19        Are we going to waive objections except to
20   form and privilege today?
21        MR. MILIANTI:  Yes.
22        MS. LEGARE:  Okay.  And I'm assuming you
23   want to read and sign; right?
24        THE WITNESS:  Yes.
25        MS. LEGARE:  Okie-doke.

Case 1:20-cv-01148-SCJ   Document 46-5   Filed 06/07/21   Page 6 of 11
Marianne Biskey-Rose                                    April 21, 2021
Geter, Cierra v. Schneider National Carriers Inc.

Page 5

```
 1              MARIANNE BISKEY-ROSE,
 2   having been first duly sworn, was examined and
 3   testified as follows:
 4                CROSS-EXAMINATION
 5   BY MS. LEGARE:
 6         Q.   Could you please state your full for the
 7   record.
 8         A.   Yeah.  It's Marianne Biskey-Rose.
 9         Q.   And I apologize.  I didn't introduce
10   myself.  I'm Cheryl Legare, and I represent Cierra
11   Geter in this matter.
12              And you're here because you've been
13   identified as a witness who has some information about
14   the case.
15              I'm going to ask you some questions.
16   You're going to give me some answers.  Pete may ask
17   some follow-up, and then we'll be done.  You know, I
18   expect maybe an hour or two at the most.
19              Have you ever been deposed before,
20   Ms. Biskey-Rose?
21         A.   I have not.
22         Q.   Okay.  I sort of just described the
23   process for you.  If you need a break, just let me
24   know.  Okay?
25         A.   Okay.
```

Case 1:20-cv-01148-SCJ   Document 46-5   Filed 06/07/21   Page 7 of 11
Marianne Biskey-Rose                                April 21, 2021
Geter, Cierra v. Schneider National Carriers Inc.

Page 12

1      A.     He's located in Green Bay, Wisconsin.
2      Q.     So Mr. Torrence has already been deposed.
3  And I think I understand his role in Ms. Geter's
4  employment.  But let me take a step back.  Do you know
5  Cierra Geter?
6      A.     I do.
7      Q.     As operations -- as director of
8  operations, do you primarily work first shift, or do
9  you work various times?
10     A.     Primarily first shift.
11     Q.     And does first shift have a general time
12 range, like 9:00 to 5:00 or 8:00 to --
13     A.     Generally -- yeah, generally it's 7:00 to
14 4:00.  But, again, it's a little bit staggered.  So
15 some people come at 6:00.  Some people come at 8:00.
16 But generally speaking it's historically been 7:00 to
17 4:00.
18     Q.     And is Schneider still today a 24/7
19 operation; right?
20     A.     Correct.
21     Q.     Just so that we have it in the record,
22 what does Schneider do?
23     A.     We're a truckload and logistics company.
24     Q.     So I think it's probably just easiest to
25 go sort of chronologically about what happened in this

Case 1:20-cv-01148-SCJ   Document 46-5   Filed 06/07/21   Page 8 of 11

Marianne Biskey-Rose                                April 21, 2021
Geter, Cierra v. Schneider National Carriers Inc.

Page 32

1    THE WITNESS: So I'm sure I have seen it,
2    but it isn't something I recall.
3    Q.   (By Ms. Legare)  What is your --
4    A.   I can't say --
5    Q.   Oh, go ahead.
6    A.   I can't say definitively that I've seen
7    this.
8    Q.   Okay.  What is your understanding about
9    working from home for people in the Fairburn office?
10   A.   Well --
11   Q.   And hold on.  I need to put this on --
12   before Covid, obviously.
13   A.   Yes.  So, you know, we try our best to
14   work with our associates and be flexible.  So, you
15   know, if somebody has something last minute that's
16   come up, like a sick child or someone at home that
17   they need to be there for or a doctor's appointment,
18   then we've allowed some flexibility to work from home.
19            But it's always kind of been a one-off
20   situation and not an ongoing request.
21   Q.   Were you aware that Tiffany Kitchens
22   worked, actually, from the emergency room is what she
23   said on -- or, sorry, from the hospital, and she made
24   it sound to me like for around four months in 2018 and
25   2019?

Case 1:20-cv-01148-SCJ   Document 46-5   Filed 06/07/21   Page 9 of 11

Marianne Biskey-Rose                      April 21, 2021
Geter, Cierra v. Schneider National Carriers Inc.

Page 36

1   the time I believe it was to June 6th.
2           MR. MILIANTI:  Object to the form.
3           THE WITNESS:  I can't specifically
4       remember this conference call, if that's what
5       you're asking.
6       Q.   (By Ms. Legare)  Well, so do you recall
7   having any conversations with Ms. Janssen and
8   Mr. Torrence about Ms. Geter's need for an extended
9   accommodation?
10      A.   I do.
11      Q.   Do you recall how many conversations you
12  may have had with them about it?
13      A.   I do not.
14      Q.   Can you tell me what you recall talking to
15  them about?
16      A.   Yeah.  We discussed, you know, her request
17  to extend and whether or not we were able to continue
18  to accommodate, you know, based on the business needs
19  and our staffing level.
20           And it was determined that we could no
21  longer accommodate, and so we discussed, you know,
22  next steps.
23      Q.   Was there any conversation about changing
24  Ms. Geter's shift?
25      A.   Yes.  So we did discuss a couple of

Case 1:20-cv-01148-SCJ   Document 46-5   Filed 06/07/21   Page 10 of 11

Marianne Biskey-Rose                                        April 21, 2021
Geter, Cierra v. Schneider National Carriers Inc.

Page 37

1   different options.  One was changing shifts.  We
2   offered that up, and it's my memory that,
3   unfortunately, she wasn't able to do that because of
4   her doctor and group therapy sessions.
5           We also talked about a different position
6   for her, so, like, a first shift position.  I guess
7   that would have been changing schedules kind of.
8           And then I also asked Cierra or my memory
9   is that I asked Cierra if she could change any of her
10  doctor schedules.  So, you know, the Monday group
11  therapy session, I asked if there was an opportunity
12  to -- to go to a different, you know, session.
13          And my memory is that there was a
14  different session that she could attend, but it
15  coincided with one of her other doctor's visits.  So
16  she wasn't able to change that up.
17       Q.   So you recall having this conversation
18  with Ms. Geter?
19       A.   I do.
20       Q.   Were the business needs and the staffing
21  level, did any of that have to do with an APM having
22  to go out on maternity leave?
23       A.   I'm sorry.  Can you ask that question a
24  different way maybe?
25       Q.   Sure.  Isn't it true that at the same time

Case 1:20-cv-01148-SCJ   Document 46-5   Filed 06/07/21   Page 11 of 11

Marianne Biskey-Rose                          April 21, 2021
Geter, Cierra v. Schneider National Carriers Inc.

Page 40

1       A.      Yes.
2       Q.      When you say business needs and staffing,
3   what do you mean?
4       A.      So just the support that we are able to
5   give our driving associates and business.  So having
6   enough resources in order to help those problems be
7   resolved.
8       Q.      And so having her only work three days
9   instead of four days was an issue, in your mind?
10      A.      Yes.  Because we needed somebody there
11  full-time in order to meet those needs.
12      Q.      Did you consider at the time getting a
13  temporary employee to cover that day for Ms. Geter?
14      A.      We discussed it, but it never was, I'll
15  say, a viable option because of, again, the skill
16  level that's kind of needed from a temp perspective,
17  and it was a shift where we didn't have anybody on
18  staff, which is why Travis was having to step in and
19  cover it.
20              And so having a temp person take that role
21  and be in that position is not a great solution
22  because they'd be by themselves and not have the
23  knowledge and background that they need in order to
24  resolve those issues.  So it wasn't a good option for
25  us to consider.