IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CIERRA GETER,

    Plaintiff,

v.

SCHNEIDER NAT'L CARRIERS, INC.,

    Defendant.

CIVIL ACTION FILE

No. 1:20-CV-1148-SCJ

## ORDER

    This matter appears before the Court on Defendant's Motion for Summary Judgment (Doc. No. [46]), the Magistrate Judge's Report and Recommendation ("R&R") granting it (Doc. No. [53]), and Plaintiff's Objections to the same (Doc. No. [57]).[1]

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

## I.    BACKGROUND

Defendant filed a Motion for Summary Judgment (Doc. No. [46]) and statement of undisputed material facts (Doc. No. [46-2]). Plaintiff responded in opposition to both. Doc. Nos. [50]; [50-1]. Defendant replied. Doc. No. [51]. Plaintiff also filed her own additional statement of undisputed material facts (Doc. No. [50-2]) to which Defendant responded (Doc. No. [52]).

The Magistrate Judge issued a R&R granting Defendant's Motion for Summary Judgment. Doc. No. [53].[2] Plaintiff timely objected to the R&R's dismissal of her claims for failure to accommodate, discrimination, and retaliation under the Americans with Disabilities Act of 1990, as amended, 42

---

[2] Unless otherwise objected to, the Court adopts the facts as set forth in the R&R. Any factual issues raised in the Plaintiff's Objections and Defendant's Response shall be addressed concurrently with their application to the law, as discussed infra III.

Pursuant to Local Rule 56.1(B), the Court will deem a fact admitted unless it is directly refuted with concise responses supported by specific citations to evidence, a party lodges a valid objection to admissibility, or the citation does not support the fact. When a fact is undisputed, the Court includes the fact.

For disputed facts, the Court reviews the record to determine if a material dispute exists. Where the other party's response reflects the record cited more accurately, the Court modifies the proposed fact and cites the record. The Court also rules on objections to proposed facts and excludes immaterial facts, those stated as an issue or legal conclusion, those not supported by a citation to evidence, or those that the record citation fails to support. Finally, where appropriate, the Court includes facts drawn from its review of the record.

U.S.C. § 12101 *et seq.* ("ADA"). Doc. No. [57]. Defendant responded. Doc. No. [60].

## II.    LEGAL STANDARD

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting <u>Nettles v. Wainwright</u>, 677 F.2d 404, 408 (5th Cir. Unit B 1982)).[3] The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u> The Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." <u>Id.</u> Those portions of the R&R to which no objection is made need only be reviewed for "clear error." <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).

_____

[3] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered prior to the close of business on September 30, 1981 by the United States Court of Appeals for the Fifth Circuit.

III.   **ANALYSIS**

The Court notes that Plaintiff does not specifically object to any of the R&R's conclusions regarding her race discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981 (Counts IV-V of Plaintiff's Complaint). Doc. No. [57]. Finding no clear error, the Court **ADOPTS** that portion of the R&R. Lattimore v. Bank of Am., N.A., 2014 WL 11456272, *1 (N.D. Ga. Feb. 10, 2014), aff'd sub nom. Lattimore v. Bank of Am. Home Loans, 591 F. App'x 693 (11th Cir. 2015) (noting that R&R findings to which no specific objection is made are reviewed by the district court for clear error).

Plaintiff does, however, object to the R&R's conclusions concerning her ADA failure to accommodate, discrimination, and retaliation claims (Counts I-III of Plaintiff's Complaint). Doc. No. [57], 4. The Court conducts a *de novo* review of these claims, and any applicable objections and facts associated with them, as follows.

A.   **Plaintiff's Failure to Accommodate Claims**

To establish a failure to accommodate claim under the ADA, Plaintiff must show that: (1) she has a disability that was known to Defendant; (2) she was

4

qualified to perform the essential functions of her job, with or without reasonable accommodation; and (3) Defendant refused to reasonably accommodate her disability. Pritchard v. S. Co. Servs., 92 F.3d 1130, 1132 (11th Cir. 1996). That Plaintiff has a disability is not in dispute so the "first task is to identify the essential functions of [her] job." Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1258 (11th Cir. 2001).

Plaintiff claims that the R&R erred in concluding that she "is not a qualified individual with a disability, could not perform the essential functions of her job, and did not request a reasonable accommodation" by construing the facts in the light most favorable to the movant Defendant, disregarding evidence supporting her claim, not considering dishonesty as affirmative evidence of guilt, and ignoring that the ADA requires employers to accommodate employees even when it is inconvenient. Doc. No. [57], 4. Specifically, Plaintiff claims the R&R focused too heavily on Defendant's own judgment about the job's essential functions and paid short shrift to the actual job description, Defendant's remote and flexible work policies, and work experience of past employees and others in similar jobs. Doc. No. [57], 8-9. On *de novo* review, the Court carefully parses the undisputed material facts concerning written job description, time spent

performing the function, consequences of not requiring the employee to perform the function, experience of other past or current individuals performing a similar function to determine if full-time, in-person, fast-paced work was an essential function of Plaintiff's APM role. See Samson v. Fed. Express Corp., 746 F.3d 1196, 1201 (11th Cir. 2014) (citing 29 C.F.R. § 1630.2(n)(3)(ii-vii)).

### 1. *Plaintiff's Job Description*

Plaintiff claims that the R&R erred by finding that "full-time work" was an essential function of her job. Doc. No. [57], 7. Defendant responds that Plaintiff understood, when she applied for and accepted the position, that it was full-time. Doc. No. [60], 6, 8. This is undisputed. Doc. No. [50-1], ¶ 13.

It is also undisputed that Plaintiff could not work more than three ten-hour days a week, on Sunday, or on Monday. Doc. No. [50-1], ¶¶ 42-43, 45-46. However, Plaintiff disputes that her APM position can only be performed full-time because the term "full-time" is not in the job description. Id. Plaintiff claims that, without citation to authority, the R&R allowed Defendant to circumvent the job description's dearth of any "full-time" requirement by relying on the "other duties as assigned" and "not exhaustive or comprehensive list" catchall language. Doc. No. [57], 9 (citing Doc. No. [53] 33, 42-44)]. That a job description

is not exhaustive does not give an employer carte blanche to retroactively expand a position's essential functions. See Snead v. Fla. Agric. & Mech. Univ. Bd. of Trs., No. 17-10338, 724 F. App'x 842, 845 (11th Cir. Feb. 21, 2018) (defendant's argument that functions absent from plaintiff's written job description were essential because the description was "not exhaustive" failed because "[a] reasonable jury could have . . . decided that the form's plain labeling outweighed any other evidence presented" in testimony by defendant's officials). As a result, the job description is a factor that weighs more in Plaintiff's than Defendant's favor.

### 2. *Defendant's Work Policies*

Plaintiff also claims that the R&R construed all the inferences from Defendant's Flexible Work Arrangement Policy ("FWP") in Defendant's favor. Doc. No. [57], 9. The R&R concluded that the FWP does not support Plaintiff's argument that full-time work was not an essential function of her job because her characterization of it inaccurately suggested that she was guaranteed part-time or remote work. Doc. No. [53], 46. As the R&R noted, under the FWP, the implementation of a "work arrangement other than full time" is on a "case-by-case basis" and guided by the principles that any "benefit to the organization

should outweigh the cost" and produce a "win-win situation to the organization and associate[.]" Doc. No. [53], 44-45. Further, the FWP's considerations include business needs, the duration, the type of work the employee performs, the needs or co-workers, direct reports, and leaders, critical hours and days for meeting those needs. Id. at 45. Plaintiff claims that the R&R should have considered that, under the ADA and EEOC Guidance, Defendant was required to preferentially apply the FWP to accommodate Plaintiff's disabilities. Doc. No. [57], 10 (citing Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1262-3 (11th Cir. 2007); Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 647-48 (1st Cir. 2000); U.S. Equal Emp. Opportunity Comm'n., EEOC-CVG-2003-1, Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the ADA, Questions 17, 22 (Oct. 17, 2002)). These authorities are neither applicable[4] nor binding and do not illuminate whether full-time work was an essential aspect of Plaintiff's position so much as whether her accommodation request was reasonable. Consequently, the FWP does little to clarify whether full-time work was an

---

[4] While Holly was in this Circuit, the case is distinguishable because the court examined whether defendant failed to accommodate plaintiff's disability by applying its objective, no-fault tardiness policy to him. 492 F.3d 1247, 1254. Here, Plaintiff claims a failure to accommodate based on Defendant's application of its *case-by-case* FWP. The two situations are not analogous, and Plaintiff's Objection offers no reason to rely on them.

essential function of the APM position and, if construed with the inferences in Plaintiff's favor, is a neutral factor.

### 3.  *Defendants' Other Employees*

The R&R also examined the experience of other employees in Plaintiff's role. Plaintiff's objection that another employee testified that she was aware of other employees permitted to work part-time is not supported by the record. Doc. No. [57], 17-18 (citing Doc. No. [50-2], ¶ 4).[5] Likewise, it is undisputed that Defendant had no part-time employees in Plaintiff's position at her location. Doc. Nos. [53], 56; [60], 6, 8. Consequently, the experiences of other APMs are a factor that weighs in Defendant's favor.

Plaintiff also claims that part-time work was possible because her supervisor, Travis Torrence, effectively worked part-time and the R&R erred by excluding this evidence as hearsay. Doc. No. [57], 17 (citing Doc. No. [52-2], ¶ 91). Specifically, Plaintiff's declaration and statement of undisputed material facts assert that "Torrence took off between 80 and 83 days in 2018 and [she] had

---

[5] Although Plaintiff claims that "APM Kopf testified that she is aware that Schneider employees were permitted to work part-time" (Doc. No. [57], 16-17), the citation is to a statement of undisputed material fact pertaining to Torrence's tenure and supported by his deposition testimony (Doc. No. [5-2-, ¶ 4).

personal knowledge of this because she viewed the Fairburn calendar to which all employees had viewing access."  Doc. Nos. [50-3], ¶ 10; [52], ¶ 91. Defendant counters that Plaintiff's declaration does not establish sufficient personal knowledge of Torrence's days off because she did not always work the same shifts as Torrence[6], was out on leave from October 9, 2018 through January 2, 2019[7], and did not provide the calendar upon which she relied.[8] Doc. Nos. [52], ¶ 91; [60], 7 (citing Doc. No. [53], 54-55). Plaintiff admits that her declaration "is offered to show that Schneider permitted employees to work part-time[,]" but claims it is not hearsay because Torrence cannot dispute it and "it is reducible to admissible evidence at trial through the calendars that are exclusively in Schneider's control." Doc. No. [57], 17 (citing Macuba v. Deboer, 193 F.3d 1216, 1322 (11th Cir. 1999)).[9]

---

[6] It is undisputed that Plaintiff worked the third shift, while Torrence supervised second and third shift APMs and Driver Team Leaders. Doc. No. [52], ¶¶ 5-7, 9-10.

[7] It is undisputed that Plaintiff was on leave from October 9, 2018 through January 2019. Doc. Nos. [50-1], ¶¶ 33, 35-37; [52], ¶¶ 36-37.

[8] It is undisputed that no exhibits are attached to Plaintiff's declaration. Doc. No. [50-3].

[9] Plaintiff cited, without explanation, a case in which the court examined the admissibility of testimony (offered in both a witness deposition and subsequent affidavit) that plaintiff was on a hit list of employees to fire. Doc. No. [57], 17. While binding, this case does not advance Plaintiff's argument because the court found that such evidence was hearsay. Macuba, 193 F.3d 1325.

10

Hearsay is an out of court statement offered to prove the truth of the matter asserted, which does not fall under a hearsay exception. Fed. R. Evid. 801(c). An affidavit or declaration—which is an out of court statement--may contain hearsay if the statement is offered to prove the truth of the matter asserted. See 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2722, 58–60 (4th ed., 2021) ("affidavits are ex parte documents") (internal citations omitted). When submitted to support or oppose summary judgment, motions and affidavits or declarations that "must be made on personal knowledge, set out such facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Plaintiff admits that her personal knowledge about Torrence's days worked is gleaned from a calendar. Doc. No. [52], ¶ 91. She further admits that she offers this fact "to show that Schneider permitted employees to work part-time" but does not assert any hearsay exceptions. Doc. No. [57], 17. Therefore, the R&R correctly concluded that Plaintiff's statements concerning Torrence working part-time are inadmissible hearsay. Doc. No. [53], 55.

The R&R also correctly concluded that because Plaintiff's personal knowledge of the Torrence's work schedule is based on the calendar and

11

Defendant objected to it, the Court can only consider it if Plaintiff sets forth other admissible facts. Doc. No. [53], 55 (citing McGowan v. AME Fin. Corp., 1:08-cvv-8976-BBM-LTW, 2009 WL 10666307, *15 (N.D. Ga. Dec. 18, 2009)).[10] Although Plaintiff objects that these calendars "are exclusively in Schneider's control" she does not explain whether they were sought or produced during an extended discovery period lasting almost a year. Doc. Nos. [15]; [32]; [42]; [57], 17.[11] As a

_____

[10] See also F.T.C. v. Nat'l Urological Grp., Inc., 645 F. Supp. 2d 1167, 1179 (N.D. Ga. 2008), affirmed 356 F. App'x 358, rehearing and rehearing en banc denied 401 F. App'x 522, certiorari denied 562 U.S. 1003 (holding that the proper method to challenge an affidavit filed on a motion for summary judgment is to challenge the admissibility of the evidence contained therein); McLendon v. Ga. Kaolin Co., Inc., 782 F. Supp. 1548, 1558 (M.D. Ga. 1992) (holding that only competent and admissible evidence can be used to overcome motion for summary judgment; in particular, affidavit may only be considered in ruling on summary judgment if it is based on personal knowledge, sets forth facts admissible in evidence, and shows affiant to be competent to testify); Aurel v. Sch. Bd. of Miami-Dade Cnty. Pub. Schs., 261 F. Supp. 2d 1375, 1378 (S.D. Fla., 2003) (plaintiff failed to show he had personal competence to testify regarding other employees allegedly being treated differently, particularly with regard to the disciplinary action, and thus, his response to a summary judgment motion violated the rule governing summary judgment affidavits); 10A Wright & Miller, § 2722, 58–60 (affidavits offered on a summary-judgment motion are scrutinized carefully by the court to evaluate their probative value and to determine whether they meet the standards prescribed in Rule 56(c)(4) as to form and content, although the court may consider an insufficient affidavit if there is no objection to it.").

[11] See also Sch. Bd. of Okaloosa Cnty. v. Richardson, 332 F. Supp. 1263, 1269 (N.D. Fla. 1971) (affidavit in opposition to motion for summary judgment which is based on affiant's belief must, in addition to pointing out facts that are largely or exclusively within control of the moving party, describe the affiant's attempts to secure the facts and state why affiant has been unable to obtain facts not exclusively within movants' knowledge and contain the knowledge or information that affiant has warranting or justifying affiant's belief).

result, the R&R correctly concluded that Plaintiff's declaration statement concerning Torrence's part-time work is disputed hearsay and cannot be considered on summary judgment. Doc. No. [53], 55 (citing Doc. No. [47-2], 59:22-60:12).[12]

Even assuming, *arguendo*, that Plaintiff's declaration statement was admissible and considered on summary judgment, information about Torrence's work schedule does not weigh in Plaintiff's favor unless she can show that he performed a similar function to her.  Samson, 746 F.3d 1201 (citing 29 C.F.R. § 1630.2(n)(3)(vii)). As the R&R noted, Torrence and Plaintiff held different positions. Doc. No. [53], 55. See also Doc. Nos. [50-1], ¶ 8; [52], ¶¶ 4-5. Consequently, absent Plaintiff's argument that Torrence and Plaintiff's positions perform similar functions, it is, at best, a neutral factor in assessing the essential nature of her full-time work.

### 4.  The Consequences of Plaintiff's Part-Time Role

Additionally, the R&R examined the consequences of allowing Plaintiff to work part-time, finding that it was undisputed that Defendant's other employees had to cover her shift. Doc. No. [53], 54 (citing Doc. No. [50-1], ¶ 38). Plaintiff does

---

12

argues that there is "no evidence that there is no evidence that Ms. Geter working full-time caused her co-workers to work more than their scheduled 40 hours per week to cover for her, so it could not have been a burden to them[.]" Doc. No. [57], 20. However, that is directly contradicted by the undisputed material facts, wherein Plaintiff admitted that "[a]ny time no one is there everybody does twice as much work, no matter whether it's Sunday through Saturday. Whoever is on that third shift, if they're by their self, they're taking the workload of everybody, So yes, I do concur with that." Doc. No. [50-1], ¶¶ 49-51. Therefore, the R&R did not err in finding that the consequence of allowing Plaintiff's role to be performed part-time were more work for her coworkers, a factor which weighs in favor of finding that full-time work was essential to her role.

### 5. *Defendant's Judgment*

Lastly, the R&R considered "the employer's judgment as to what functions of a job are essential."  Doc. No. [53], 40 (citing 42 § U.S.C. 12111(8); <u>Webb v. Wynne</u>, 2:07-cv-471-ID, 2008 WL 4831740, *6 (M.D. Ala., Nov. 3, 2008)). The R&R noted the Defendant's and supervisor's judgment that APMs "were expected to work full-time because Schneider needed to ensure it had the resources to sufficiently support driver and dispatch loads all hours of the day." Doc. No. [53],

14

54 (citing Doc. Nos. [50-1], ¶38; [50-4], ¶¶ 7-8; [46-3], ¶¶ 5-6, 10, 12-14; [46-6], 51-53, 67-68; [45-5], 16; [46-4], 69-70, 100-03, 109, 114, 139, 137, 146-48, 151-52, 154, 160, 162, 165; [5-3], ¶6). Although Plaintiff disputed this, she only cited the FWP to support her position. Doc. No. [51-1] (citing Doc. Nos. [50-5], 31:1-32:7; [50-9], 15:17-16:7). As these citations do not directly refute Defendant's cited facts, the Court will deem Defendant's fact admitted. LR 56.1(B), NDGa. Therefore, the employer's judgment that full-time work was an essential element of Plaintiff's position weighs in Defendant's favor.

Plaintiff argues that her case is distinguished from those upon which the R&R and Defendant reply because she "was still performing all the essential functions of her job[.]" Doc. No. [57], 20. This assertion is circular because it assumes the very same disputed legal premise—that working full-time is not an essential function of Plaintiff's job—for which it is offered. Plaintiff also claims, without explanation, that the R&R's citation to Medearis v. CVS Pharmacy, Inc., is distinguishable because she "was not seeking to have a duty removed." Id. (646 F. App'x 891, 896, (11th Cir. 2016). However, the R&R only cited Medearis for the proposition that substantial weight is given to "written descriptions [because they] are evidence of the employer's judgment regarding which functions of a job

15

are essential[.]" Doc. No. [53], 43. The R&R examined numerous factors in concluding that full-time work was essential to an APM position at Fairburn so, to the extent to that is relied on Medearis at all, such reliance was minimal and not error. Id. Similarly, Plaintiff claims, without explanation, that her case is distinguishable from Rabb v. Sch. Bd. of Orange Cnty., because she only "needed to work reduced hours temporarily until her planned full-time return to work on June 5, 2019[.]" 590 F. App'x 849, 842 (11th Cir. 2014)). However, the R&R did not cite to, let alone rely on, Rabb. Doc. No. [53]. As a result, Plaintiff's objections here are without merit.

On balance, the consequences of not requiring the employee to perform the function, and experience of other past or current individuals performing a similar function, and Defendant's judgment weigh in Defendant's favor concerning the essential function of full-time work as an APM. Even when construing all inferences from disputed material facts in Plaintiff's favor, only one factor—the job description omitting the term "full-time"—weighs in Plaintiff's favor. Ultimately Plaintiff did not meet her burden of citing to sufficiently specific and admissible facts in the record to refute the undisputed material facts submitted by Defendant's concerning the essential nature of full-time work for APMs at

Fairburn. See, e.g. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (the non-movant must designate "specific facts showing there is no genuine issue for trial"); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("the existence of a mere scintilla of evidence" supporting the non-movant is insufficient to defeat a motion for summary judgment). Therefore, the R&R did not err by finding that full-time work was an essential function of Plaintiff's role.

The threshold inquiry in an ADA accommodation claim is whether a plaintiff is a qualified individual who can, with or without accommodation, perform the essential function of her job. 42 U.S.C. § 12111(8). It is undisputed that Plaintiff could not work a full-time schedule and, because the undisputed material facts show that this was an essential function of her job, she is not a qualified individual entitled to an accommodation under the ADA. See e.g. Davis v. Fla. Power & Light Co., 205 F.3d 1301, 1305 (11th Cir. 2000) (citing Cramer v. Fla., 117 F.3d 1258, 1264 (11th Cir.1997)) (holding that if plaintiff is unable to perform an essential function of his job, even with an accommodation, he is not a covered individual under the ADA). Accordingly, the Court **ADOPTS** the

R&R's finding that Plaintiff was not a qualified individual requiring an accommodation under the ADA.

**B.    Plaintiff's Disability Discrimination and Retaliation Claims**

Plaintiff claims that the R&R erred in recommending dismissal of her ADA discrimination and retaliation claims because it "relies on the wrong standard, improperly addresses pretext even though Schneider failed to articulate any 'legitimate' reasons for its actions and relies in the pretext analysis on the same errors underlying the erroneous conclusion that [she] could not perform the essential functions of her job." Doc. No. [57], 4.

*1. ADA Discrimination Claims*

As with ADA failure to accommodate claims, a disability discrimination claim requires that the plaintiff show she has a disability, was a qualified individual, and was discriminated against because of the same. Holly, 492 F.3d 1255.

Here, as in Plaintiff's failure to accommodate claim, it is undisputed that she was an individual with disability. Likewise, and the for the reasons previously discussed, the R&R correctly concluded that the Plaintiff was not a qualified individual because she could not perform the essential functions of her

job with or without an accommodation. See supra III.A. As a result, Plaintiff cannot make out her prima facie case for discrimination under the ADA. See, e.g. Jordan v. City of Union City, Ga., 94 F. Supp. 3d 1328, 1344 (N.D. Ga.2015) affirmed 646 F. App'x 736, 2016 WL 1127739 (no discrimination where police officer in training was terminated because he was not a qualified individual where his anxiety disordered prevented him performing essential functions of his position); Rogers v. Norman W. Fries, Inc., 418 F.Supp.3d 1295 (S.D. Ga. 2019) (no discrimination under the ADA where court determined that ADA was not qualified where her vision precluded her from performing the essential functions of her the job she sought). Accordingly, the Court **ADOPTS** the R&R's finding that Plaintiff was not a qualified individual under the ADA and cannot sustain her discrimination claims.

### 2. *ADA Retaliation Claims*

With regard to Plaintiff's retaliation claim, the R&R concluded that Plaintiff established a prima facie case. Doc. No. [53], 87. However, the R&R found that Defendant proffered a legitimate non-discriminatory reason for Plaintiff's termination because she could not perform the essential functions of her job. Id. at 97. Plaintiff objects that Defendant "failed to articulate any alleged

legitimate reason" for Plaintiff's termination so the R&R did so on Defendant's behalf. Doc. No. [57], 25. This is not so. Doc. No. [53], 97 (citing Doc. No. [46-1], 25).

To be sure, the legitimate non-discriminatory reason Defendant proffered was succinct and identical to the reasons proffered for finding that Plaintiff was not qualified. "However, the employer's burden is merely one of production; it 'need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.'" Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir.1997) (internal citations omitted)). Consequently, the R&R did not err in determining that Defendant had a legitimate non-discriminatory reason for Plaintiff's termination and the burden shifted to the Plaintiff to show by a preponderance of evidence that Defendant's proffered reason was pretext. See, e.g. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Earl v. Mervyns, Inc., 207 F.3d 1361, 1365 (11th Cir. 2000); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997) ("we assess ADA retaliation claims under the same framework we employ for retaliation claims arising under

20

Title VII"); <u>Turner v. Inzer</u>, 521 F. App'x 762, 764 (11th Cir. 2013) (citing

<u>Pennington v. City of Huntsville</u>, 261 F.3d 1262, 1266 (11th Cir. 2001)).

To show that a defendant's proffered reason is not entitled to credence the

plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies,

incoherencies, or contradictions in the employer's proffered legitimate reasons

for its action that a reasonable factfinder could find them unworthy of credence."

<u>Combs v. Plantation Patterns</u>, 106 F.3d 1519, 1538 (11th Cir. 1997) (citation

omitted). "[A] reason is not pretext for [retaliation] 'unless it is shown both that

the reason was false, *and* that [retaliation] was the real reason.'" <u>Springer v.</u>

<u>Convergys Customer Mgmt. Grp. Inc.</u>, 509 F.3d 1344, 1349 (11th Cir. 2007)

(quoting <u>Brooks v. Cnty. Comm'n of Jefferson Cnty.</u>, 446 F.3d 1160, 1163 (11th

Cir. 2006)) (emphasis in original). To show pretext, a plaintiff cannot "recast an

employer's proffered [] reason or substitute her business judgment for that of the

employer." <u>Chapman</u>, 229 F.3d 1030.

Notably, Plaintiff did not make any pretext arguments in her Response in

Opposition to Defendant's Motion for Summary Judgment. Doc. No. [50], 21-22

("the burden shifted to Schneider to articulate a legitimate non-retaliatory reason

for its termination . . . Schneider skips this step, has waived this argument, and

21

summary judgment must be denied"). The Court has discretion not to entertain arguments raised for the first time in objections to an R&R. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge, allowing new arguments and evidence to be presented after the issuance of an R&R frustrates the purpose of the magistrate judge system).

On objection, Plaintiff claims, for the first time, that she can demonstrate pretext because "she was, in fact, capable of performing the essential functions of her job with her requested accommodation." Doc. No. [57], 26. Assuming, *arguendo*, that Plaintiff had asserted the pretext argument she now asserts in her objection, it is precisely the assertion the R&R rejected. Doc. No. [53], 100 (citing Doc. [50], 24-25) ("Plaintiff merely asserts that Defendant's articulated reason for her termination was pretextual because she has shown that she was capable of performing the functions of her job without her requested accommodations"). As a result, "Plaintiff merely rehashes the argument [which the Magistrate Judge effectively made for her] without offering any persuasive reasons why the Magistrate Judge was wrong." Snodgrass v. Indep. Physicians. Res., Inc., 1:13-

22

CV-3958-SCJ, 19 (N.D. Ga. Mar. 25, 2016). Accordingly, the Court **ADOPTS** the R&R's finding that Plaintiff has not met her burden to show that Defendant's reasons for terminating her were pretextual.

## IV.    CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the R&R and **ORDERS** that Plaintiff's case be **DISMISSED**.

**IT IS SO ORDERED** this _21st_ day of March, 2022.

HONORABLE STEVE C. JONES
**UNITED STATES DISTRICT JUDGE**

23